# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

AMOS M. RYERSON, Respondent, *v.* JOHN KAUFFIELD, Appellant.

*Conversion — demand — when it must be proved.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The only question raised upon the appeal related to the second cause of action set forth in the complaint, which alleged that, by a contract entered into between the plaintiff and defendant, it was further understood and agreed by and between them, that the plaintiff should send to the defendant, in his (the said plaintiff's) cans the milk sold and to be delivered under and by virtue of said contract, as hereinbefore set forth, and that the defendant should return to the plaintiff all cans so sent to and received by said defendant; that, in accordance with such agreement, the plaintiff from time to time, sent a large number of cans to the defendant, containing the milk sent to and received by him as hereinbefore set forth; that the defendant received such cans containing such milk as aforesaid, and in violation of the said contract, neglected and still neglects to return a large number of such cans so received by him as aforesaid, to wit, the number of twenty cans, and that by reason of the facts and circumstances last aforesaid, the plaintiff has suffered loss and damage from the defendant in the further sum of sixty dollars. The question was, whether the facts so set forth showed a conversion of the cans.

With reference to this the court at General Term said:

" There was no conversion of the milk cans established upon the trial. The defendant received the cans from the plaintiff under an agreement that he would return them to the plaintiff, and he has neglected so to do. There has been no demand made for their return. The possession of the defendant was lawful, and until he was guilty of some tortious act in reference to the property there was no conversion. (*Hall* v. *Robinson*, 2 N. Y., 293; *Jessop* v. *Miller*, 1 Keyes, 321.) Mere omission is not conversion or equivalent to a conversion. (*Hawkins* v. *Hoffman*, 6 Hill, 588; *Scovill* v. *Griffith*, 12 N. Y., 509.)"

The judgment should be reversed and a new trial granted, costs to abide event.

*Richard L. Sweezy*, for the appellant. *Bacon & Duryea*, for the respondent.

Opinion by BARNARD, P. J.; GILBERT, J., concurred; DYKMAN, J., not sitting.

Judgment and order denying new trial reversed, and new trial granted, costs to abide event.